IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| STEPHANIE JONES, on behalf of herself and all other similarly situated,<br><br>　　Plaintiff,<br><br>v.<br><br>BANKERS TRUST COMPANY,<br><br>　　Defendant. | No. 4:23-cv-00477-RGE-WPK<br><br>**PRELIMINARY APPROVAL ORDER** |

Plaintiff and Class Representative[1] Stephanie Jones and Defendant Bankers Trust Company have entered into a proposed Class Action Settlement Agreement (the "Settlement"). Plaintiff moves the Court to certify the Settlement Class under Federal Rule of Civil Procedure 23(a) and (b)(3) for settlement purposes only; to preliminarily approve the Settlement under Federal Rule of Civil Procedure 23(e); to approve the form and method for giving notice of the proposed Settlement to the Settlement Class; and to schedule a final approval hearing on the Settlement after the deadlines to object to, or opt out of, the Settlement have passed. Defendant does not oppose the motion.

　　1.　　This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over the parties.

　　2.　　The Court finds, solely for the purposes of settlement and notice, the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) have been met, specifically:

　　　　a.　　The class is so numerous that joinder of all members is impracticable, as there are thousands of members of the Settlement Class;

---

[1] Capitalized terms not otherwise defined have the meanings ascribed to them in the proposed Class Action Settlement.

      b.      There are questions of law or fact common to the class based upon the claims raised in the lawsuit relating to the Challenged Fees;

      c.      The claims of the Class Representative are typical of the claims of the Settlement Class because they arise from the same Challenged Fees practices;

      d.      The Class Representative and Class Counsel will fairly and adequately protect the interests of the Settlement Class;

      e.      Questions of law or fact common to the members of the Settlement Class predominate over any questions affecting only individual members, as the claims center on the Challenged Fees practices.

      f.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy, as the claims are numerous but each claim individually is not large.

3.      The Court certifies the following Settlement Class for settlement purposes only:

All persons who were charged one or more Challenged Fees by Defendant during the Class Period.

Challenged Fees means 1) overdraft fees incurred during the Class Period on debit card transactions authorized on a sufficient available balance ("APSN Fees"); and 2) overdraft fees incurred during the Class Period for one-time debit card transactions and ATM transactions ("Reg-E Fees").T he Class Period is for APSN Fees, December 1, 2016, through April 3, 2023; and for Reg-E Fees, December 1, 2022, through April 3, 2023, and

4.      The Court appoints Stephanie Jones as Class Representative. The Court appoints CohenMalad, LLP; Gibbs Law Group LLP; Roxanne Conlin & Associates, O.C.; and Stranch, Jennings & Garvey, PLLC, as Class Counsel.

5.      The Court finds the terms of the Settlement are within the range of a fair, reasonable, and adequate compromise under the circumstances of this case. The Court, therefore, preliminarily approves the Settlement and directs the parties to perform and satisfy the terms and conditions that are triggered by such preliminary approval.

6. The Court approves the form and method of notice provided for in the Settlement and finds that it complies with the applicable rules and the requirements of due process. The Court appoints Simpluris as Settlement Administrator. The Court orders the Settlement Administrator and the parties to implement the notice program set forth in the Settlement. Subject to approval of invoices by Class Counsel, the Settlement Administrator is authorized to be paid for services as provided in the Settlement.

7. A final approval hearing will be held 11:00 a.m. on December 17, 2025, at United States Federal Courthouse, 111 Locust Street, Des Moines, Iowa, for the purpose of: a) determining whether the Settlement Agreement is fair, reasonable, and adequate and should be finally approved; b) determining whether a Final Approval Order should be entered; and c) considering Class Counsel's application for an award of attorneys' fees and expenses and any service awards from the Settlement Fund. The Court may adjourn, continue, and reconvene the Final Approval Hearing pursuant to oral announcement without further notice to the Settlement Class, and the Court may consider and grant final approval of the Settlement, with or without minor modification and without further notice to the Settlement Class.

8. Members of the Settlement Class shall be afforded an opportunity to request exclusion from the Settlement Class. A request for exclusion from the Settlement Class must comply with the requirements for form and timing set forth in the Detailed Notice included in the Settlement. Members of the Settlement Class who submit a timely and valid request for exclusion shall not participate in and shall not be bound by the Settlement. Members of the Settlement Class who do not timely and validly opt out of the Settlement Class in accordance with the Detailed Notice shall be bound by all determinations and judgments in the action concerning the Settlement.

9. Members of the Settlement Class who have not excluded themselves shall be afforded an opportunity to object to the terms of the Settlement Agreement. Any objection must

comply with the requirements for form and timing set forth in the Detailed Notice included in the Settlement. If a member of the Settlement Class or his or her counsel wishes to speak at the Final Approval Hearing, he or she shall comply with the requirements for form and timing set forth in the Detailed Notice included in the Settlement.

10. Any member of the Settlement Class who does not make his or her objection known in the manner provided in the Settlement Agreement and Detailed Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement.

11. Any request for intervention in this action for purposes of commenting on or objecting to the Settlement must meet the requirements set forth above, including the deadline for filing objections, and also must be accompanied by any evidence, briefs, motions or other materials the proposed intervenor intends to offer in support of the request for intervention.

12. Any lawyer intending to appear at the Final Approval Hearing must be authorized to represent a member of the Settlement Class, must be admitted to practice law before this Court, and must file a written appearance. Copies of the appearance must be served on Class Counsel and counsel for Defendant.

13. Not more than one hundred days after the date of this order, the Settlement Administrator shall provide Class Counsel a report of opt-outs, listing the names of all persons or entities who timely and validly excluded themselves from the Settlement Agreement, and Class Counsel shall promptly file the list with the Court.

14. Prior to the Final Approval Hearing, Class Counsel shall file a motion for approval of the attorneys' fees, Class Counsel's expenses, and a service award to be paid from the Settlement Fund, along with any supporting materials.

15. If the Settlement does not become effective or is rescinded pursuant to the

Settlement, the Settlement and all proceedings had in connection therewith shall be without prejudice to the status quo ante rights of the Parties, and all orders issued pursuant to the Settlement shall be vacated.

17. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

Accordingly,

**IT IS ORDERED** that Plaintiff Stephanie Jones's Motion for Preliminary Approval of Class Action Settlement, ECF No. 55, is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 18th day of August, 2025.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE